[No. 3,742.]

## ODD FELLOWS' SAVINGS BANK *v.* R. M. BANTON, O. C. HAMMETT, AND E. C. KINGSBURY.

WORD "CONVEYANCE" IN CIVIL CODE. — The words "conveyance of real property," as used in sections twelve hundred and thirteen and twelve hundred and fourteen of the Civil Code, include mortgages.

MORTGAGE FIRST RECORDED PREVAILS. — A mortgage of real property is

void, as against a subsequent mortgage of the same property which is first recorded, and is taken in good faith and for a valuable consideration and without actual notice of the preceding mortgage.

IDEM. — The above rule is not affected by section twenty-nine hundred and thirty-seven of the Civil Code, which prescribes that the mortgagee is allowed one day for every twenty miles between his residence and the Recorder's office, and that during such time the mortgage has the same effect as if recorded.

CONFLICT BETWEEN TWO ARTICLES IN CODES. — The subject matter of recording mortgages comes more properly under the Article in the Civil Code prescribing rules for " mortgages of real property " than under the Article prescribing rules for " mortgages in general," and if there is a conflict between the two Articles in relation to recording mortgages, the former must prevail.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The facts are stated in the opinion.

*J. G. Severance,* for Appellant Hammett.

Under the provisions of section twenty-nine hundred and thirty-seven of the Civil Code, respondent Hammett had until February 17th, 1873, to record his mortgage, and it was recorded on the fifteenth. His mortgage was constructive notice of its contents, from the date of its execution, January fifteenth, until February seventeenth, and therefore it was a prior lien on the premises.

In construing a statute, it is the duty of the Court to simply ascertain what its terms are. (Code Civil Procedure, Sec. 1858.) The decision of the Court below, in effect, abrogates section twenty-nine hundred and thirty-seven, upon the dangerous grounds that the Legislature did not mean what they have said, and could not have intended the effect which would be the inevitable result of enforcing the statute literally. (Blackwell on Tax Titles, 261.)

*L. J. Hardy,* for Appellant Kingsbury, argued that the provisions of section twenty-nine hundred and thirty-seven

of the Civil Code did not apply to appellant Hammett, because he lived in Oregon, and that therefore his mortgage would take effect from the date of its registration. In other respects he concurred with Mr. Severance.

*Tilden & Wilson,* for Respondent, argued that, as section two thousand nine hundred and fifty-two was devoted to mortgages on real property, it must prevail over section two thousand nine hundred and thirty-seven, and that sections twelve hundred and thirteen, twelve hundred and fourteen, and twelve hundred and fifteen, being in Chapter IV, Title IV, which were devoted to recording mortgages and the effect thereof, would also prevail over section two thousand nine hundred and thirty-seven. They also argued that it was the duty of Courts to execute all laws according to their true intent and meaning; that intent, when collected from the whole and every part of the statute taken together, must prevail, even over the strict letter of the law, where the latter would lead to possible injustice or absurdity, and cited *Ex Parte Ellis,* 11 Cal. 223; *United States* v. *Fisher,* 2 Cranch. 400: *Pond* v. *Maddox,* 38 Cal. 574; *Knowles* v. *Yeates,* 31 Cal. 86; Kent's Com. 461; *People* v. *White,* 34 Cal. 183; *French* v. *Teschmaker,* 24 Cal. 539.

By the Court, BELCHER, J.:

This is an appeal by the defendants Hammett and Kingsbury from a judgment foreclosing three mortgages, and the only question presented for determination in the case is as to the priority of the mortgage liens. The facts upon which the question arises are substantially as follows: On the 13th of January, 1873, the defendant Banton executed and delivered to the defendant Hammett a mortgage upon certain lands in the City and County of San Francisco, which was properly recorded in the office of the County Recorder of said city

and county on the fifteenth of the following month.   At the time of the execution and the recording of the mortgage the mortgagee resided in the City of Portland, in the State of Oregon, distant six hundred and eighty-three miles from the Recorder's office.   On the 7th of February, 1873, the defendant Banton executed and delivered to the defendant Kingsbury a mortgage upon the same premises, which was duly recorded on the twelfth of that month.   At the time of the execution and recording of this mortgage the mortgagee resided at the City of Sacramento, in this State, which is distant one hundred and seventeen miles from the Recorder's office.   On the 10th of February, 1873, the defendant Banton executed and delivered to the plaintiff a mortgage upon the same premises, which was duly recorded on the same day.   These mortgages were all taken in good faith, for a valuable consideration, and each without notice, actual or constructive, of any previous mortgage.

Upon these facts the Court below was of the opinion that the liens of the mortgages attached to the mortgaged premises at the date and in the order of their record, and it accordingly rendered judgment that out of the proceeds of the sale of the property the plaintiff's mortgage should be first paid, then the defendant Kingsbury's, and last the defendant Hammett's.   Whether the Court was right in its conclusions or not depends upon the construction to be placed upon certain sections of the Civil Code.

Section twelve hundred and thirteen of that Code provides that every conveyance of real property acknowledged or proved, and certified and recorded as prescribed by law, from the time it is filed with the Recorder, shall be constructive notice of the contents thereof to subsequent purchasers and mortgagees.

Section twelve hundred and fourteen provides that every conveyance of real property, other than a lease for a term not exceeding one year, shall be void as against any subse-

quent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded.

Section twelve hundred and fifteen defines the term "conveyance" used in the two preceding sections, as embracing every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or incumbered, or by which the title to any property may be affected, except wills.

It is apparent from these sections that the Legislature intended that all instruments within the definition of a conveyance, in any manner affecting the title to real property, should be filed for record in the proper Recorder's office, and until so filed should be void as against all persons who subsequently without notice, in good faith and for a valuable consideration, might acquire any interest therein either as purchasers or incumbrancers.

It is further provided by section two thousand nine hundred and fifty-two that mortgages of real property may be acknowledged or proved, certified, and recorded in like manner and with like effect as grants thereof, but they must be recorded in books kept for mortgages of real property evclusively.

But section two thousand nine hundred and thirty-seven provides that a mortgagee is allowed from the date of the mortgage, one day for every twenty miles of the distance between his residence and the County Recorder's office where such mortgage ought by law to be recorded, and that during such time the mortgage has the same effect as if recorded.

The appellants claim that section two thousand nine hundred and thirty-seven furnishes the rule for the recording of mortgages, and that their mortgages, having been recorded within the times allowed for that purpose by that section, were entitled to precedence over the respondent's mortgage;

and each claims that his mortgage was entitled to precedence over that of the other.

It is not entirely clear what was intended by this section, but if it means, as the appellants contend, that a mortgagee is allowed from the date of his mortgage one day for every twenty miles of the distance between his residence and the County Recorder's office in which to file his mortgage for record, and that during that time it has the same effect in imparting notice to subsequent purchasers and incumbrancers as if it were actually recorded, then it is very apparent that there is a conflict between this section and the other sections named.

Assuming that the conflict exists, it must be settled by the rules prescribed in the Political Code.

Section four thousand four hundred and eighty of that Code provides that with relation to each other the several Codes must be construed as though they were parts of the same statute and passed at the same time. Section four thousand four hundred and eighty-one provides that if the provisions of any Title conflict with or contravene the provisions of another Title, the provisions of each Title must prevail as to all matters and questions arising out of the subject matter of such Title. A similar rule is established in relation to Chapters (4482) and Articles (4483), and if conflicting provisions are found in the same Chapter or Article the provisions of the sections last in numerical order must prevail. (4484.)

Tried by these rules the conflict is easily disposed of. Sections twelve hundred and thirteen, twelve hundred and fourteen, and twelve hundred and fifteen are found in the Title relating to "Transfers," and in the Article prescribing what shall be the "effect of recording or the want thereof;" section two thousand nine hundred and fifty-two is in the Title concerning "Liens," and in the Article prescribing rules for "Mortgages of real property;" section two thou-

sand nine hundred and thirty-seven is in the Title concerning "Liens," but in the Article prescribing rules for "mortgages in general."

It would seem that provisions for recording mortgages of real property would more naturally arise out of the subject matter of "transfers" than out of the subject matter of "liens;" but whether that be so or not, it is clear that such provisions belong to the subject matter of "mortgages of real property," rather than the subject matter of "mortgages in general."

But in either event sections twelve hundred and thirteen, twelve hundred and fourteen, and twelve hundred and fifteen must prevail over section two thousand nine hundred and thirty-seven.

We think the judgment should be affirmed, and it is so ordered.