[No. 11388. Department One. — May 19, 1888.]

FREDERICK TAPPENDORFF, APPELLANT, v. WILLIAM DOWNING, RESPONDENT.

ACCRETION — DEED. — Land formed by accretion on a fractional quarter-section is part thereof, and passes by a deed conveying the fractional quarter by its number.

ID. — STATEMENT OF QUANTITY OF LAND CONVEYED. — The statement in a deed of the quantity of the land conveyed is not controlling.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The action was brought to recover the possession of certain land lying along the bank of Eel River, in Humboldt County, which had been formed by accretion to the fractional southeast quarter of the northwest quarter of section 25, in township 3 north, range 2 west, Humboldt meridian. Prior to 1859, the United States government, by its patent, conveyed the said fractional quarter of the quarter-section to one G. G. Dudley. The patent described the land as containing 19.62 acres, which was its exact quantity. On the 5th of August, 1859, Dudley, by the same description, conveyed the land to R. N. Dungan, who, in the year 1872, conveyed it to the plaintiff. On the 31st of August, 1874, the plaintiff conveyed land described as the southeast fractional quarter of the northwest quarter of section 25,

township 3 north, range 2 west, Humboldt meridian, containing 19.62 acres, to Caleb Merritt, under whom the defendant claims by deeds containing the same description. The accretion in question commenced to form shortly before the conveyance by Dungan to the plaintiff, and thereafter gradually and imperceptibly increased. The present action was commenced on September 12, 1883, to recover possession of this accretion, the plaintiff claiming that it had not passed by the deeds to the defendant. Judgment was rendered in favor of the defendant, from which and from an order refusing a new trial, the plaintiff appealed. The further facts are stated in the opinion.

*J. D. H. Chamberlin,* for Appellant.

*S. M. Buck,* for Respondent.

HAYNE, C.—In this case, we think that the land formed by accretion was part of the adjoining fractional quarter-section, and that, therefore, the accretion passed by the deeds conveying the fractional· quarter by its number. The statement of the quantity of land.conveyed by a deed is not controlling.

With reference to the statute of limitations, if we assume that the appellant's specification is sufficient to raise the question (which is doubtful: See *Barstow* v. *Newman,* 34 Cal. 91; *Goodrich* v. *Van Landigham,* 46 Cal. 603), we do not think the evidence shows a case of adverse possession by the plaintiff for the requisite period. It may be that there was such possession; but the fact does not appear from the record.

Since the appellant has no title to the fractional quarter-section as it originally stood, or to the accretion, there can be no question as to a boundary line between the two.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.