MARY A. TOPPING, APPELLEE, V. JACOB COHN, APPELLANT.

FILED APRIL 7, 1904.   No. 13,484.

1. **Accretions.** Where the water of a river gradually recedes, changing the channel of the stream and leaving the land dry which was theretofore covered by water, such land belongs to the riparian proprietor.

2. ————. Where, at the time of a grant from the United States, the bank of a river formed a part of the boundary of the grant, subsequent accretions formed by the gradual recession of such bank attached to and became a part of the grant.

3. ————: SUBSEQUENT CONVEYANCES. A subsequent conveyance by such grantee, without describing such lands by metes and bounds, but by the number or numbers by which the same are designated in the government survey, passes the title, not only to the land originally constituting the grant from the United States, but to the accretions thereto.

4. **Adverse Possession.** No title by adverse possession can be acquired against the state or general government, nor is land the subject of adverse possession while the title is in the state.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Reversed.*

*John C. Watson* and *John V. Morgan*, for appellant.

*W. F. Moran, contra.*

ALBERT, C.

This is a suit in equity, brought to quiet the title to certain real estate. On page 560 is a plat which will, perhaps, assist to a proper understanding of the case.

The line AB represents the eastern boundary of section 36, town 8, range 14 east of the 6th P. M.; the line CD, the

western boundary of certain lots in said section, which are numbered 1, 14, etc.; the irregular line EF, the right bank of the Missouri river, as it was at the time of the government survey and at the time of the grant to the state hereinafter mentioned. The river gradually receded to the east until some time before 1901, and the right bank is now located as indicated by the irregular line GH. The land in dispute is bounded on the west by the east line of

lots 44 and 45; on the north, by the dotted line IJ; on the east by the right bank of the Missouri river, as now located; on the south, by the dotted line KL. The triangular tract of land lying between the former right bank of the Missouri river and the north half of section 36, and marked M, is what is referred to in the record as lot 1 of section 31, town 8, range 15 east of the 6th P. M. Section 36 was a part of the grant of the United States to the state of

Nebraska, and the state, on the 23d day of September, 1901, sold and conveyed lots 44 and 45 to the defendant. The lots are not described by metes and bounds in such conveyance, but by the respective numbers by which they are designated in the government survey. The plaintiff asserts title, not only to the land in dispute, but to the entire tract lying between the line AB and the present right bank of the river. While she introduced deeds from different parties, purporting to convey to her different portions of this tract, it does not seem that she traces her title to any portion of it to a grant from the United States, but claims exclusively by adverse possession. On the other hand, the defendant contends that the land in dispute is the proportionate share of the accretion resulting from the recession of the river, which belongs to 44 and 45, conveyed to him by the state, and that the title to such share of the accretion passed to him by such conveyance. The trial court found for the plaintiff and entered a decree accordingly. The defendant appeals.

It would appear from the record that the former right bank of the river was in fact the eastern boundary of the south half of section 36, and consequently of lots 44 and 45 of that section, according to the government survey, and at the time of the grant of said section to the state. The state, therefore, became the riparian proprietor to the extent of such boundary. It is well settled that where, as in this case, the water of a river recedes gradually, changing the channel of the stream and leaving the land dry which was theretofore covered by water, such land belongs to the riparian proprietor. *Gill v. Lydick,* 40 Neb. 508; *Wiggenhorn v. Kountz,* 23 Neb. 690; *Lammers v. Nissen,* 4 Neb. 245.

As before intimated, lots 44 and 45 are not described by metes and bounds in the conveyance from the state to the defendant, but by the numbers by which such lots are described in the government field notes. Under such conveyance, the title to such portion of the accretion as attached to those lots passed to the defendant. *Rex v. Yar-*

39

*borough,* 3 Barn. & Cr. (Eng.) *91; *County of St. Clair v. Lovingston,* 23 Wall. (U. S.) 46; *Chicago Dock & Canal Co. v. Kinzie,* 93 Ill. 415; *Camden & Atlanta Land Co. v. Lippincott,* 45 N. J. Law, 405; *Lammers v. Nissen,* 4 Neb. 245, 154 U. S. 650.

It may be conceded that the possession of the plaintiff of the land in dispute has been of such a character and for such a period as to have ripened into a title in fee before the commencement of this action, had she been holding adverse to the defendant, or any other person against whom the statute would run during that time. But, so far as appears from the record, the United States and the state of Nebraska were the exclusive owners of the adjacent lands until 1901, when the state conveyed lots 44 and 45 to the defendant. That no title by adverse possession can be acquired against the state or general government is elementary. Land can not be the subject of adverse possession while the title is in the state. *Bagley v. Wallace,* 16 S. & R. (Pa.) 245; *Hall v. Gittings,* 2 Harr. & J. (Md.) 112; *Armstrong v. Morrill,* 14 Wall. (U. S.) 120. It follows, then, that the statute did not begin to run in favor of the plaintiff as to any portion of the accretion until 1901, when the title to lots 44 and 45 passed from the state to the defendant, and then began to run only as to that portion of the accretion attaching to said lots.

The record does not afford sufficient data nor do we deem it necessary to determine what portion of the accretion thus passed to the defendant. That it includes at least a considerable portion of the land in dispute is obvious, under the familiar rules for the apportionment of accretions. The plaintiff has not shown title of any kind to any portion of the land, and therefore the decree quieting her title in the whole is obviously erroneous in any proper view of the case.

It is therefore recommended that the decree of the district court be reversed and the cause remanded for further proceedings according to law.

FAWCETT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.