S. F. HAYNIE, Appellant, v. JOE E. MAY et al., Appellees.

No. 41888.

FEBRUARY 6, 1934.

REHEARING DENIED MAY 19, 1934.

Genung & Genung, and George H. Mayne, for appellant.

J. J. Ferguson, for appellees.

DONEGAN, J.—This case involves conflicting claims of owner-ship as to certain accretion lands along the east side of the Missouri river in Mills county, Iowa. It appears that for several years prior to 1895 the Missouri river, in the vicinity of the land here involved, had gradually eroded its banks to the eastward. About that time it began to recede to the westward. The east bank at the time the river reached its most easterly channel was surveyed and was indi-cated by a line referred to herein as the "Dean Line." Section 13 lies to the north of section 24, and section 19 lies to the east of section 24. The line known as the "Dean Line" crosses the east and west center line of section 13 a short distance west of the center

line of said section, proceeds in a southeasterly direction through the southeast quarter thereof, across the northeast corner of section 24, and thence southeasterly across section 19. Where this line crosses the northeast corner of the northeast quarter of section 24, it left a tract of land not exceeding five acres to the easterly of said line in said northeast corner of said section. In 1898 the river had receded to the westward perhaps three-fourths of a mile, but in high water it still came up to the bank indicated by this line. The river continued to recede to the westward and the land lying between the east bank of the river and the Dean Line gradually filled in.

On February 28, 1918, the plaintiff in this case acquired title to the land in controversy herein and other lands through a deed from one Bradley. The portion of the description and other parts of said deed material to this case are as follows:

"The west half of the southeast quarter of section thirteen (13) and lots Three (3) and four (4) of section thirteen (13), together with all rights of accretions, also the northeast quarter of the northeast quarter of section twenty-four (24); and also a tract being about fifty-four (54) acres, (less however a tract of land about twenty (20) acres described in a deed given by W. L. Mitchell to One Wilson, which deed is recorded in Book 39, page 549 of the records of Mills County, Iowa) of the southwest quarter of the northeast quarter and lots one (1) and two (2) of fractional section thirteen (13), being the same land conveyed to grantor therein in deed from Isaac Bailey and wife, which said deed is recorded in Book 39, page 126, together with all accretions to above described lands bordering on the Missouri River. * * * Specific reference is made to the survey made by E. E. Spetman and his plat of which survey was filed for record on March 23rd, 1918, and recorded in Book one at page fifty-four of records of Mills County, Iowa, and it is the intention to convey herein the subdivision and Government Lots shown therein together with rights to accretions shown therein and also rights to all accretions belonging to said lands but not shown on said plat."

At the time that said deed was delivered to the plaintiff, Haynie, there was also delivered to him the plat made by E. E. Spetman, which is referred to in said deed. Both the deed and the plat are recorded in the recorder's office of Mills county, Iowa. On said

plat is shown a square tract designated as, "NE¼ NE¼ Sec. 24 T. 73 R. 44," and directly west of said tract between the northerly and southerly lines of said tract extended westward there appears the designation, "Accretions to NE¼ of NE¼ Sec. 24." At the time of delivery of said deed it appears that the tract designated as the NE¼ of the NE¼ of section 24 had been filled in to such an extent that it was all accessible, and that shortly after receiving said deed, said Haynie proceeded to inclose the land described therein by erecting a fence around it. On March 1, 1924, said Haynie and wife entered into a contract with one A. J. Owens by which they agreed to convey, "The NE¼ of the NE¼ of Section 24, Township 73, Range 44, in Mills County, Iowa, containing forty acres more or less." On November 27, 1924, said A. J. Owens assigned the said contract to Joe E. May, the defendant herein, and said assignment was consented to by the plaintiff, Haynie. On January 25, 1925, said Haynie, along with Joe G. Bone, Geo. H. Mayne, and Robert Morrison, filed a suit to quiet title to certain lands of which they claimed to be owners in severalty against Fred D. May, Robert May, Alfred May, and Joe May, the defendant herein, and other defendants. The case was entitled Bone et al. v. May et al., and in the petition the description of the lands claimed to be owned by said Haynie included some of the land described in the deed received by him from Bradley and described in the Spetman plat. In said petition it was stated that said "S. F. Haynie holds the fee title to the NE¼ of the NE¼ of Section 24, Twp. 73, Rng. 44, with accretions thereto, and that said NE¼ of the NE¼ of Sec. 24 has been sold on contract to the defendant A. J. Owens, but the title to all of the accretions thereto has been retained by said plaintiff." In an amended and substituted answer in which the defendants Fred D. May, Robert May, Alfred May, and Joe E. May (the defendant herein) all joined, said defendants admitted the execution and delivery to them of a deed from one A. D. Harold conveying certain lands in section 19 and section 24, not including the NE¼ of the NE¼ of section 24, and that they had taken possession of said lands under said conveyance. By way of cross-petition the defendant Fred D. May in said action alleged ownership to certain lands in sections 19 and 24, not including the NE¼ of the NE¼ of section 24, to which he asked that title be quieted in him. In said amended and substituted answer it was further stated:

"For further answer and by way of further cross petition, specifically as against that part of plaintiff's petition wherein S. F. Haynie as referred to in par. 2 of said petition, alleges his ownership of the property lying west of the N. E. 1/4 of the N. E. 1/4 of Sec. 24, Twp. 73, Rng. 44, and his reservations thereof as accretion lands these defendants state and allege that said S. F. Haynie on March 1, 1924, entered into a written contract agreeing to convey said NE1/4 of the NE1/4 of Sec. 24 to one A. J. Owens, which said contract was by said Owens on 24, November, 1924, for a valuable consideration sold and assigned to Joe May, one of the defendants in this action and which said assignment was consented to by the said vendor S. F. Haynie, copies of said contract, assignment and assent are hereto attached marked Exhibit 'A' and made a part of this cross petition; these defendants further allege that under said contract, nor in any other way, has the said S. F. Haynie any title to or interest in the alleged accreted lands lying to the west of the said NE1/4 of the NE1/4 of Sec. 24."

In the decree in said case the court found that certain of the lands belonged to the plaintiffs. Bone and Mayne, and that certain of the lands belonged to the plaintiffs' Morrison and Haynie in severalty, and title to the lands thus found to be in the respective plaintiffs was quieted in them. The NE1/4 of the NE1/4 of section 24 and accretions was not included in the lands to which title was determined and quieted in any of the plaintiffs. As to this land and accretions the decree provided as follows:

"And that he (Haynie) is also the owner of the following described real estate, situated in the County of Mills and State of Iowa, to wit: The Northeast Quarter of the Northeast Quarter of Section 24, Township 73, Range 44, and all accretions thereto, subject to the rights, if any, of the defendant, Joe May, as assignee of the contract for the sale of said land made by the plaintiff, S. F. Haynie, to the defendant, A. J. Owens, which said contract is dated March 1st, 1924; that the respective rights of said parties under said contract are involved in the case of J. E. May vs. S. F. Haynie now pending in this Court, and the evidence in this cause being so indefinite and uncertain that this court under said evidence cannot intelligently determine the rights of the parties under said contract, the court does not in this action determine the rights of said parties

under said contract, but leaves the same to be determined in said case of J. E. May vs. S. F. Haynie."

Following the decree in the case of Bone et al. v. May et al., the case of May v. Haynie, referred to in said decree, was dismissed. Joe E. May, the defendant herein, having tendered the balance due upon the Owens contract, Haynie, the plaintiff herein, and wife, tendered a deed describing the NE¼ of the NE¼ of section 24 by metes and bounds. May refused to accept this deed, and brought action for specific performance and for the delivery of a deed describing the land in accordance with the description contained in the contract to Owens. That case was tried resulting in a decree in favor of May. Thereafter, Haynie brought an action for the reformation of the Owens contract, in which he asked to have the description reformed to conform with the description by metes and bounds contained in the deed tendered by him to May. A trial of this case resulted in a decree in favor of May, on the ground that the decree in the action for specific performance brought by May constituted an adjudication. Thereafter, Haynie instituted the present action in which he alleges ownership in and asks that title be quieted to certain lands, including the lands here in controversy. The defendants May and wife answered, denied generally the allegations of the petition; alleged the execution of the contract to Owens, the assignment of this contract to May, the contentions of Haynie in the cases of Bone et al. v. May et al., May v. Haynie (the specific performance case), and Haynie v. May (the suit for reformation), and the findings and decrees of court in all of said actions; alleged that by reason thereof said Haynie is estopped from claiming or asserting any title or interest in said NE¼ of the NE¼ of section 24, and any and all accreted lands lying between said forty-acre tract and the Missouri river, and asking that plaintiff's petition, so far as it refers to the NE¼ of the NE¼ of section 24 in its entirety, and any and all accreted lands lying to the west thereof, between the north line of said section 24 extended westward to the Missouri river and the south line of the N½ of said section 24 extended westward to the river, be dismissed. Upon the trial of the case, the trial court found for the defendants, and decreed that

"title to the Northeast Quarter of the Northeast Quarter of Section Twenty-four, Township Seventy-three, Range Forty-four, West

of the 5th P. M., and the accretions thereto described as follows: All land between said forty acre tract and the Missouri River, bounded on the North by the north line of said Section Twenty-four, extended West to the Missouri River, and on the south by the center line of the North half of said Section Twenty-four extended west to the Missouri River, all in Mills County, Iowa, be and the same is hereby quieted in the defendant, J. E. May, as against the plaintiff, Stacey F. Haynie, and against all persons claiming by, through or under him."

From this decree the plaintiff appeals.

Many propositions are presented and argued, but in our opinion the vital propositions in this case may be reduced to two: First. Are the lands lying to the west of the NE¼ of the NE¼ of section 24, between the north line of said section 24 extending westward to the Missouri river and the south line of the N½ of said section 24 extended westward to the Missouri river, accretions to the NE¼ of the NE¼ of said section 24? Second. If said lands are accretions to said NE¼ of the NE¼ of said section 24, were they included in the contract made by Haynie to Owens and assigned to the defendant May, and in the deed executed by the plaintiff and wife to the defendant May?

I. The decree in the case of Bone et al. v. May et al., which was later affirmed upon appeal to this court (208 Iowa 1094, 225 N. W. 367), established that at the time the Missouri river had eroded to the farthest east line, there was only a small tract of less than five acres in the northeast corner of section 24 remaining as land in place, and that all land thereafter reclaimed by the receding of the river to the westward was accreted land. Appellant contends that the only land which could have accreted to the NE¼ of the NE¼ of section 24 would be the small strip of land extending southwesterly between this small tract in the northeast corner of said section and the Missouri river. If the accretions involved in this case must be determined with reference to the land in place at the time the river had eroded farthest to the east, that is, by what is known as the "Dean Line," the appellant's contentions would have to be taken as true. Payne v. Hall, 192 Iowa 780, 185 N. W. 912; Bone v. May, 208 Iowa 1094, 225 N. W. 367. Appellees contend, however, that, by an arrangement between the parties interested in the accreted lands lying along the Missouri

river, the accretions involved in this case are not determinable by the rule contended for by appellant; but that, instead of taking the accretions as extending southwesterly from the land in place, the owners of the lands affected, by agreement and acquiescence, have determined and fixed the accretions by definite lines extending westward to the Missouri river; and that the appellant, Haynie, is barred and estopped from now claiming that the land in controversy is not accretions to the NE¼ of the NE¼ of section 24.

As above stated, the NE¼ of the NE¼ of section 24 is specifically described in the deed from Bradley to appellant. Following the description of this and other lands in said deed is the statement, "together with all accretions to above described lands bordering on the Missouri River." Said deed contains this further statement: "Specific reference is made to the survey made by E. E. Spetman, * * * and it is the intention to convey herein the *subdivision* and *Government Lots* shown therein together with *rights to accretions shown therein.*" (Italics writer's.) Both the deed and plat were recorded. The plat showed the NE¼ of the NE¼ of section 24 and designated it as such, and it also showed, to the west thereof, the land now in controversy and designated it as "accretions to NE¼ of NE¼ of Sec. 24." By accepting the said deed and plat with the descriptions and statements in regard to accretions as therein contained, appellant must have known that he was accepting title to the land now in controversy as accretions to the NE¼ of the NE¼ of section 24; and by the recording of said deed and plat he acknowledged and acquiesced in the descriptions and statements thereof and held himself out to the world as the owner of the land now in controversy as accretions to the NE¼ of the NE¼ of section 24. In his contract with Owens covering the NE¼ of the NE¼ of section 24, containing forty acres more or less, he described the land thus sold by section subdivision and number, similar to the description in the deed by which he obtained title to this land from Bradley. By his pleading in the case of Bone et al. v. May et al., in which he claimed to be the owner of the NE¼ of the NE¼ of section 24 "with accretions thereto," he gave further evidence of his intention and understanding that the forty-acre tract thus described carried with it certain accretions. And, by the further allegation in said pleading that the boundary line between his land and the land of Morrison to the south thereof had been fixed "as the line running east and west through the center of the

north half of said sections 19 and 24 produced west to the Missouri River," he in effect confirmed the statements and descriptions contained in the Bradley deed and the plat accompanying same, accepting the accretions as lying to the west of the land to which they belonged instead of to the southwest thereof.

If, as contended by plaintiff, the only accretions to the NE¼ of the NE¼ of section 24 are such as might extend southwesterly from the small tract left in place to the east of the "Dean Line" in the northeast corner of said section, these accretions would have extended southwesterly toward the Missouri river and would have extended across some of the lands claimed by Morrison on the south. So far as the record shows, there was no deed fixing the line between accretions belonging to Haynie and Morrison. Such a line is referred to in the case of Bone et al. v. May et al. as having been fixed by agreement. As the contract to Owens was made almost a year before the case of Bone et al. v. May et al. was instituted, it is hardly probable that the plaintiff could have agreed to give to Morrison accretions which belonged to the land conveyed to Owens under the contract. It can hardly be presumed that, after having made a contract for the sale of the land to Owens, the plaintiff deliberately entered into an agreement with Morrison to dispose of accreted lands to which Owens would be entitled under his contract. Moreover, the decree in the case of Bone et al. v. May et al. found that said Haynie was the owner of "The Northeast Quarter of the Northeast Quarter of Section 24, Township 73, Range 44, and all accretions thereto, subject to the rights, if any, of the defendant, Joe May, as assignee of the contract for the sale of said land," and quieted title in said Haynie to said "NE¼ of the NE¼ of Section 24, Township 73, Range 44, and all accretions thereto, except as to the rights, if any, that the defendant, Joe May or J. E. May, may be found to have in said NE¼ of the NE¼ of Section 24 and accretions thereto." Surely, there must have been accretions to the NE¼ of the NE¼ of section 24 or this decree could not have found them to belong to Haynie and quieted title thereto in him subject to the rights of May. And, since by the very terms of the pleadings and of the decree these accretions could not have extended below the south line of the N½ of the NE¼ of section 24, they must have been the accretions to the said land lying to the westerly thereof.

We think the evidence is sufficient to show that the appellant

at all times, after receiving the deed and the plat accompanying the same from Bradley, understood that he was the owner and held himself out to the world as the owner of the whole forty-acre tract described in said deed and plat as the NE¼ of the NE¼ of section 24; that he understood he was the owner and held himself out to the world as the owner of all accretions to said forty-acre tract; and that the accretions to said forty-acre tract are the lands shown and described as accretions on said plat and which lie to the west of said forty-acre tract between the north and south lines of said tract extended westward to the Missouri river.

It is claimed by the appellant that the appellee Joe E. May is estopped from asserting title to the land in controversy, because in the pleading in the case of Bone et al. v. May et al. he claimed to hold title to said lands along with his father and brothers who were codefendants, by a deed from one Harold; and because, in the suit for specific performance brought by him against appellant, he did not ask to have the contract reformed to show that it included the accretions to the land described therein. We think a fair reading of the pleading referred to will show that, while the appellee May appears to have joined with his father and brothers in the allegation made by them, it is clear from a reading of the entire pleading that said Joe E. May made no claim to any part of the lands involved in that case except to the land described in the contract given by the appellant to Owens and the accretions thereto. As to the failure to ask for a reformation of the description in the Owens contract so as to include in it the accretions, we do not understand how said May can be said to be estopped from now claiming such accretions. His contention in this case is that the description contained in the contract and deed is sufficient to carry, and does carry, with it the accretions which he is now claiming. This claim involves the second proposition to be decided in this case, and, to this proposition, we will now devote our attention.

II. Were the accretions to the NE¼ of the NE¼ of section 24 included in the contract between Haynie and Owens, and in the deed from Haynie and wife to May pursuant to such contract? Appellant contends that the answer to this question calls for a construction of the contract and deed for the purpose of ascertaining the intention of the parties hereto, and that in such construction the fact that the acreage conveyed is set out has a material bearing in showing the intention. In support of his contention, he

cites Stavanau v. Gray, 143 Minn. 1, 172 N. W. 885; Gridley v. Railway Company, 111 Minn.' 281, 126 N. W. 897; and 45 C. J. 572, section 272. In our opinion, the authorities cited do not sustain the appellant's contention in this case. In 45 C. J. 571, section 269, it is said:

"Unless excepted or reversed, accretions, or the right thereto, pass to a purchaser or patentee of riparian land, although not described in the deed or other instrument of conveyance. It is immaterial that the boundary is described in the conveyance as the 'water line,' or 'ship channel,' meaning low-water line, or that the land is conveyed by its section number, or by the number of acres."

In Tappendorff v. Downing, 76 Cal. 169, 18 P. 247, conveyance had been made by section number and subdivision, and, in response to the claim that such description did not pass accretions, it was said:

"In this case, we think that the land formed by accretion was part of the adjoining fractional quarter section, and that therefore the accretion passed by the deeds conveying the fractional quarter by its number. The statement of the quantity of land conveyed by a deed is not controlling."

In the case of Armstrong v. Pincus, 81 Or. 156, 158 P. 662, 664, it was said:

"It is well established that accretions always pass by a deed of the original upland owner, unless expressly reserved by the grantor."

In Jefferis v. East Omaha Land Co., 134 U. S. 178, 10 S. Ct. 518, 33 L. Ed. 872, land adjoining the Missouri river had been conveyed by a description giving its section number and subdivision. After the title had passed by mesne conveyances in which this same description was used, the grantor in one of the prior conveyances undertook to convey the accretions to a party other than the holder of the title, and it was held that the accretions had been conveyed by the description in the prior conveyances by section number. See, also, Mobbs v. Burrow, 112 Ark. 134, 165 S. W. 269; Crill v. Hudson, 71 Ark. 390, 74 S. W. 299; Wood v. McAlpine, 85 Kan. 657, 118 P. 1060; Id., 86 Kan. 804, 121 P. 916; Minneapolis Trust Co. v. Eastman, 47 Minn. 301, 50 N. W. 82, 930; Topping

v. Cohn, 71 Neb. 559, 99 N. W. 372; Cushenbery v. Brady, 119 Kan. 478, 240 P. 400.

We think the authorities · above cited sustain appellees' contention that the description contained in the Owens contract and in the deed pursuant thereto, which was executed by the appellant to the appellee May, conveyed to said appellee all accretions to the land described in said contract and deed.

In our opinion, the decree of the trial court is correct, and it is hereby affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, KINDIG, and KINTZINGER, JJ., concur.