TONY J. VRANA ET AL., APPELLEES, V. ARLIE ARLENE STUART ET AL., APPELLANTS.

99 N. W. 2d 770

Filed December 11, 1959. No. 34670.

*Richards, Yost & Schafersman* and *William G. Line,* for appellants.

*Kerrigan, Flory & Miller,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to quiet title to a strip of land 8 feet in width, the same being the east 8 feet of Lot 7, Block 205, city of Fremont, Nebraska. Title is claimed by adverse possession for more than 10 consecutive years prior to the filing of the petition. The defendants denied generally the allegations of the petition and filed a cross-petition praying that the title to the disputed land be quieted in them. The trial court found for the plaintiffs and defendants have appealed.

The evidence shows that the plaintiffs became the owners of the west 58 feet of Lot 7, by contract of sale on December 4, 1945, and acquired the title thereto by warranty deed on December 29, 1951. They went into possession of the property on December 18, 1945. The defendants have been the record title owners of Lot 8 and the east 8 feet of Lot 7, by warranty deed dated December 13, 1945. They were in possession of the property as tenants for several years prior thereto. This action was commenced on September 11, 1957. The burden is upon the plaintiffs to establish adverse possession of the disputed property for a continuous period commencing on or before September 11, 1947, the 10-year statutory period required for adverse possession to ripen into title.

It is conceded for all practical purposes that plaintiffs adversely held the 8-foot strip from 1949 to 1957. The issue therefore is narrowed to the question as to whether or not the plaintiffs adversely held the disputed property in 1947, 1948, and 1949.

The evidence shows that plaintiffs moved into the

residence on the west 58 feet of Lot 7 in 1945. The residence was located approximately 2 feet from the west line of the 8-foot strip. They made use of the strip in getting coal, wood, and cobs into their basement by driving over the curb in the street south of the property to a basement window on the east side of the house. Plaintiffs parked trucks almost continuously on the south part of the strip. From 1946 to 1956, Tony J. Vrana used the north part of the strip as a garden and at the request of defendants plowed their garden. In doing so, a ridge of ground on the east line of the disputed strip was assumed by both parties to be the line between their respective properties. In 1949, the defendants planted a hedge on this ridge, they again assuming that this was the division line. Plaintiffs made constant use of the north part of the strip by placing machinery, lumber, and scrap iron thereon when it was not used as a garden. A mulberry tree was located on the north end of the strip which plaintiffs removed to make room for the garage building they moved on the disputed strip in 1949. It is clear from the evidence that the use of the strip was not permissive, and that defendants as well as the plaintiffs regarded it as a part of plaintiffs' property. The use of the disputed property by plaintiffs was that of an owner and not that of an occasional trespasser.

The defendants acquiesced in plaintiffs' use of the disputed strip of land from the time plaintiffs moved onto the adjoining lot in 1945. Mrs. Arlie Arlene Stuart testified that she caused the hedge to be planted on the ridge to conceal the unsightliness of plaintiffs' property and to prevent further encroachment on her property by the plaintiffs. Defendants never protested the use of the 8-foot strip until they served a notice to vacate a few days before this action was commenced. It is apparent from the evidence that all parties to the action thought the division line between plaintiffs' and defendants' property was the east line of Lot 7 as

staked on the ground, which line corresponded substantially with the location of the hedge and the use made of the property by the plaintiffs.

The disposition of the case is controlled by the following rules: "A claim of title to land by adverse possession must be proved by actual, open, exclusive, and continuous possession under a claim of ownership for the statutory period of 10 years." Purdum v. Sherman, 163 Neb. 889, 81 N. W. 2d 331. "If one by mistake as to the boundary line enters upon and takes possession of land of another, claiming it as his own to a definite and certain boundary by an actual, open, exclusive, and continuous possession thereof under such claim for 10 years or more, he acquires title thereto by adverse possession." Konop v. Knobel, 167 Neb. 318, 92 N. W. 2d 714. "The fact that one claiming title by adverse possession never intended to claim more land than is called for in his deed is not a controlling factor. It is the intent with which possession is held rather than an intention to hold in accordance with his deed that is controlling. The claim of adverse possession is founded upon the intent with which the occupant had held possession, and this intent is ordinarily determined by what he has done in respect thereto." Purdum v. Sherman, *supra*.

The evidence of the plaintiffs, considered in the light of the foregoing rules, establishes a use showing actual, open, exclusive, and continuous possession under claim of ownership for more than the statutory period of 10 years. It is therefore sufficient to sustain a claim of title by adverse possession. The trial court having arrived at a like conclusion, the judgment is affirmed.

AFFIRMED.